UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAVIER PENA CALLEJA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No.  4:12CV01433 AGF |
| ) | |
| MELISSA RING, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion for appointment of counsel.  Petitioner, a committed resident of the Missouri Sexual Offender Rehabilitation and Treatment Services program, seeks federal habeas relief under 28 U.S.C. § 2254. Petitioner asserts that his civil commitment, following his prison sentence for first degree sodomy, aggravated battery, and sexual battery, is unconstitutional for various reasons involving his immigration status.  Specifically, he alleges that he was committed despite the entry of a federal judge's order requiring his immediate deportation upon completion of his prison sentence, and therefore that his current civil commitment is unlawful.

There is no constitutional right for an indigent habeas petitioner to have counsel appointed, although the Court has discretion to appoint an attorney when necessary.  *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000); *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995).  Among the factors a court should consider in making this determination are the factual and legal complexity of the case, the ability of the petitioner to present the facts and present his claims, and the degree to which the

petitioner and the Court would benefit from such an appointment. *Morris*, 217 F.3d at 558-59; *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

Upon review of the record and the relevant factors, the Court finds that Petitioner raises neither complex nor novel issues and that appointment of counsel is not warranted here.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motions for appointment of counsel are **DENIED**.  (Doc. Nos. 2 & 8.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of October, 2012