# UNITED STATES DISTRICT COURT
# THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER PENA CALLEJA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV01433 AGF |
| | ) | |
| MELISSA RING, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Javier Pena Calleja for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking an order of deportation by the United States Department of Justice. Petitioner is currently civilly committed to the custody of the Missouri Department of Mental Health's Sex Offenders Rehabilitation and Treatment Services ("SORTS") program, within the Fulton State Hospital in Fulton, Missouri, pursuant to the judgment of the Circuit Court of St. Louis County. For the reasons set forth below, the petition shall be denied.

## BACKGROUND

On March 29, 2004, Petitioner was convicted in Missouri state court of statutory sodomy and sentenced to five years' imprisonment. He was discharged from the jurisdiction of the Missouri Department of Corrections effective October 13, 2008. Petitioner apparently was thereafter detained pending civil commitment proceedings, pursuant to Missouri's Sexually Violent Predator Act ("MSVPA"), Mo. Rev. Stat. §§

632.480-632.513.  On December 1, 2009, an immigration judge of the Immigration Court of United States Department of Justice issued an Order ordering Petitioner removed from the United States to Mexico.  *See Pena-Calleja v. Blake*, 4:11-CV-755-FRB, Doc. No. 1-1, at 22.  This is Petitioner's third attempt to obtain federal habeas relief from this court based on the December 1, 2009 Order of Removal.

First, on June 28, 2010, while confined at the St. Genevieve, Missouri, County Jail, awaiting trial on whether he would be civilly adjudicated to be a sexually violent predator under the MSVPA, Petitioner brought a 28 U.S.C. § 2241 habeas corpus action in this court, seeking his immediate removal from the United States, based on the December 1, 2009 Order of Removal.  Petitioner claimed that the State of Missouri could not detain him for civil proceedings because he was subject to a federal Order of Removal.  On August 25, 2010, the Hon. Stephen N. Limbaugh, Jr. dismissed Petitioner's action, holding,

> Petitioner does not have a constitutional right to be removed from the United States.  Petitioner is not exempt from civil commitment proceedings in the State of Missouri simply because he is not a citizen of the United States.  And petitioner does not have a legal right to enforce an order of an Immigration Judge in this Court . . .  Finally, petitioner has not made a substantial showing of the denial of a constitutional right.

*Pena Calleja v. Stolzer*, No. 4:10-CV-1158 FRB, 2010 WL 3362596, at *1 (E.D. Mo. Aug. 25, 2010) ("*Pena Calleja I*").  The Court concluded that Petitioner was not in custody in violation of the Constitution or laws or treaties of the United States, and so was not entitled to federal habeas relief.  *Id.*

Meanwhile, on July 7, 2010, Plaintiff was found by a jury to be a sexually violent predator, under state law, and was civilly committed to SORTS. On April 25, 2011, Petitioner filed an action in this court under § 2254, claiming that his civil commitment by Missouri was illegal in light of the federal Order of Removal, which should have taken precedence. *Pena-Calleja v. Blake*, 4:11-CV-755-FRB, 2011 WL 2619632 (E.D. Mo.) (*Pena Calleja II*). By order dated July 1, 2011, the court held that the doctrines of res judicata and collateral estoppel barred the action. The Court further held that habeas relief was barred "for all the reasons the Court stated in [*Pena-Calleja I*]." *Id*. at *1. On October 21, 2011, the Eighth Circuit Court of Appeals denied Petitioner's application for a certificate of appealability.

On April 3, 2012, the Missouri Court of Appeals affirmed the July 7, 2010 judgment against Petitioner in the civil commitment case, rejecting Petitioner's only argument on appeal, namely, that the probate court erred in granting the state's motion in limine to exclude evidence of Petitioner's immigration status and any order of deportation. *In re Calleja*, 360 S.W.3d 801, 803 (Mo. Ct. App. 2011).

Petitioner filed the present action on August 6, 2012. He claims that he should be released from his commitment at SORTS and deported to Mexico because he is a Mexican citizen who is in the United States illegally and was ordered removed from the United States; the State of Missouri is wrongfully ignoring federal law by refusing to honor the December 2009 removal order; and he already served his criminal sentence for the sodomy conviction. In addition, Petitioner claims that he received ineffective assistance of trial counsel in the sodomy case, because counsel told Petitioner he would

3

be deported after he completed his sentence for the sodomy conviction and did not advise Petitioner of any potential collateral consequences of his conviction – namely, a sexually violent predator commitment.

Respondent argues that all of Petitioner's claims are barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b)(3)(A), which provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Respondent argues that the current petition is "successive" because all of Petitioner's claims were or could have been raised in *Pena Calleja I* and/or *Pena Calleja II*.

## **DISCUSSION**

> (AEDPA), 28 U.S.C. § 2244(b), imposes three requirements on second or successive habeas petitions. First, any claim "that was presented in a prior application shall be dismissed." *Id*. at § 2244(b)(1). If a claim was not already adjudicated, § 2244(b)(2) requires its dismissal unless it relies on "a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Finally, before filing a second or successive petition in district court, a habeas applicant must receive an order authorizing it from the court of appeals. *Id*. at § 2244(b)(3).

*United States v. Lee*, ___ F. 3d ___, 2015 WL 4173773, at *2 (8th Cir. July 13, 2015).

Here it is clear that Petitioner's claims regarding his entitlement, based on the 2009 Order of Removal, to immediate release from civil confinement (and deportation to Mexico) have been ruled on by this court in *Pena Calleja II*, and the Eighth Circuit Court of Appeals denied issuing a certificate of appealability. Accordingly those claims are

4

dismissed. Moreover, Petitioner has not shown that he has met the precertification requirement of § 2244(b)(3).

Petitioner's ineffective assistance of counsel claim relates to a different state court judgment than the one underlying his present confinement. This claim relates to the 2004 state court conviction for sodomy, and as such is clearly time-barred by the one-year statute of limitations for actions under § 2254.

In sum, the Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of Petitioner's claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2). *See Miller-El v. Cockrell,* 537 U.S. 322, 338 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Javier Pena Calleja for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2015.